IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

CHOICE HOTELS INTERNATIONAL,
INC.                                         :

v.                                           : Civil Action No. DKC 2004-2550

:

JDR HOTELS, INC., et al.

:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Defendants JDR Hotels, Inc., Ramubhai N. Patel, Jitendra D. Patel, and Dipakbhai K. Patel ("Defendants") to compel arbitration. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court grants Defendants' motion.

**I.   Background**

On August 4, 2004, Plaintiff Choice Hotels, International, Inc. ("Plaintiff"), filed a breach of contract claim against Defendants. (Paper 1). Plaintiff and Defendants entered into a franchise agreement on June 19, 2001. Plaintiff alleges that Defendants breached the agreement by failing to commence construction of a Comfort Suites hotel in Pembroke Pines, Florida, within eighteen months of the execution of the contract. *Id*. at 3. Under the terms of the agreement, if

Defendants default they are required to pay Plaintiff liquidated damages in an amount equal to the "probable loss to [Plaintiff] resulting from the termination of the Franchise Agreement," which Plaintiff estimates as $180,000.  *Id.* at 3-4.  In addition, Plaintiff asserts that Defendants are required to pay Plaintiff "attorneys' fees, expert witness fees, travel expenses of its witnesses[,] and court costs." *Id*. at 4.  On March 4, 2005, this court issued an order referring the case to Magistrate Judge Day for a settlement conference; a settlement conference was held on May 5, 2005, but was unsuccessful.

On May 27, 2005, Defendants filed a motion to compel arbitration.  (Paper 18).  Defendants claim that under the terms of the franchise agreement, Plaintiff is required to arbitrate "any controversy or claim arising out of or relating to [the franchise] [a]greement, or the breach of this [a]greement . . ." and that the arbitration provision is governed by the Federal Arbitration Act ("FAA").[1]  *Id*. quoting (paper 1, ex. A. at 13).

---

[1] Defendants state: "Since [Plaintiff] is a corporation with its principal place of business in Maryland, and since the Patels operate a franchise in Wyoming, this case involves interstate commerce and thus is subject to the [FAA] . . . ." (Paper 18, at 2).  It is unclear why Defendants reference a Wyoming franchise; the contract here was for construction and operation of a hotel in Florida.

Plaintiff filed an opposition to Defendants' motion to compel arbitration on June 13, 2005. (Paper 19). Without discussing whether the arbitration provision is governed by the FAA, Plaintiff asserts that Defendants selectively quoted the provision, omitting key language. Plaintiff states that, read in its entirety, the provision exempts the dispute from arbitration at the option of Plaintiff. The omitted language states:

> Except for [Plaintiff's] claims against [Defendants] for indemnification, actions seeking to enjoin [Defendants] from using [Plaintiff's trademarks or trade names] in violation of this Agreement, or, *at [Plaintiff's] option*, actions for collection of moneys owed [Plaintiff] under this Agreement (or any related agreement), any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement . . . will be sent to final and binding arbitration . . . .

*Id*. at 2, quoting (paper 1, ex. A, at 13-14) (emphasis in original).

## II.  Analysis

The FAA governs in a particular case if: "(1) there was an agreement in writing providing for arbitration and (2) the contract evidences a transaction involving interstate commerce." *Am. Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 963 (4th Cir. 1980). As the court in *Michelin Tire Corp. v.*

*Todd* noted:  "The Supreme Court has expressly rejected a narrow construction of 'commerce' as used in § 1 [of the FAA]."  568 F.Supp. 622, 624 (D.Md. 1983), citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401-02, n.7 (1967). Determining whether the interstate commerce element is met is a fact-specific inquiry.  For instance, in *American Home Assurance Company*, 629 F.2d at 963, the Fourth Circuit held that the FAA was applicable where the primary contractor's principal place of business was Alabama, the subcontractor was incorporated in Virginia, the project was in Virginia, the contract included subcontracts and purchase orders for products and equipment shipped to Virginia from various states, and non-resident employees worked on the project.  In *Michelin Tire Corp.*, 568 F.Supp. at 624, the court found that the interstate commerce element was met where the contract was between a Maryland guarantor and a New York obligee, and involved the payment of money from Maryland to New York.

In this case, there was an agreement in writing, the franchise agreement, which provided for arbitration. (Paper 1, ex. A, at 13-14).  The contract involved an interstate commercial transaction because: (a) Plaintiff's place of incorporation is Delaware and principal place of business is Maryland; (b) Defendant JDR Hotels is incorporated in Florida

4

and Defendants Dipakbhai K. Patel, Jitendra D. Patel, and Ramubhai N. Patel are citizens of Florida; (c) the franchise agreement related to the construction and operation of a hotel in Florida; and (d) the agreement involved the payment of money from Florida to Maryland. *See Am. Home Assurance Co.*, 629 F.2d at 963; *Michelin Tire Corp.*, 568 F.Supp. at 624. Hence, the FAA applies.

"[T]he FAA creates 'a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Hill v. PeopleSoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

> The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. *See also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 711 (4th Cir. 2001) ("Agreements to arbitrate are construed according to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration."). A court should determine the threshold questions of whether parties are bound by an

5

arbitration clause and whether a binding arbitration clause applies to a particular type of controversy. *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997).

At issue here is whether the parties agreed to arbitrate this dispute. The parties agree that their contract had an arbitration provision. The dispute is whether Plaintiff's claim for breach of contract falls into an articulated "exception" in the franchise agreement's arbitration provision. Plaintiff argues that it is an "action for collection of moneys owed" and therefore it is within Plaintiff's sole discretion whether to arbitrate the claim. This result is inconsistent with a Fourth Circuit opinion involving Plaintiff. (Paper 19, at 2). In *Choice Hotels, International, Inc. v. BSR Tropicana Resort, Inc.*, the Fourth Circuit interpreted an arbitration provision containing identical language to the one at issue here, and narrowly defined the terms "action for collection of moneys owed."[2] 252 F.3d at 710. The court held that "the collection

---

[2] The arbitration provision at issue in *BSR Tropicana Resort, Inc.*, 252 F.3d at 709, stated:

> "Except for claims for indemnification, *actions for collection of moneys owed [to Choice] under this Agreement*, or actions seeking to enjoin [BSR] from using [Choice's trademarks] in violation of this Agreement, any controversy or claim relating to this Agreement, or the breach of this Agreement,
> (continued...)

exemption applies to actions by Choice to enforce specific
payment obligations that are 'fixed' by the Agreement and not
contingent on additional events." *Id*.  The court concluded that
Choice's breach of contract claim was not within the collection
exemption, because even though the agreement provided for
liquidated damages and thus the amount was contractually
determined, the obligation to pay did not arise from the
formation of the contract but from an alleged breach (i.e., it
was contingent on an additional event – the breach). *Id*. at
712.  The court stated: "Because this is not a debt subject to
collection, the collection exemption does not apply.  By
contrast the general  terms of the arbitration clause
specifically embrace claims arising from 'the breach of this
Agreement.' [The defendant] is therefore entitled to arbitration
of this issue . . . ." *Id*.

In reference to Choice's proffered interpretation of the
contract provision, which would have exempted from arbitration
*all* claims by Choice seeking money damages, the Fourth Circuit

---

[2](...continued)
        including any claim that this Agreement or
        any part of this Agreement is invalid,
        illegal, or otherwise voidable or void, will
        be sent to final and binding arbitration . .
        . .
*Id*. (emphasis in original).

noted that "[a]t best, Choice's construction offers a minimally plausible alternative to the interpretation [the court] set[s] forth and thereby renders the collection exemption ambiguous." *Id.* at 711.   The court resolved the "ambiguity" in favor of arbitration for three reasons: (a) the federal policy requiring all ambiguities in arbitration clauses to be resolved in favor of arbitration; (b) the rule of construction stating that when encountering a general rule and enumerated exceptions, the court must interpret the exceptions narrowly, "lest they overwhelm the rule;" and (c) the principle that any doubts in the interpretation of a contract must be resolved against the drafter of the contract.[3]  *Id.*

Plaintiff fails to point to and the court can find no distinguishing factor that would counsel for a different result than that of the Fourth Circuit in *BSR Tropicana Resort, Inc.*, 252 F.3d at 712.   Here, like in the earlier case, Plaintiff asserts a breach of contract claim, and, although the franchise agreement provides for liquidated damages that are contractually determined, "the obligation to pay [does] not arise from the formation of the contract but from an alleged breach." *Id.*  The breach of contract claim is therefore subject to arbitration and

---

[3] In both the previous case and the present case, Plaintiff drafted the franchise agreement.

the court will grant Defendants' motion.   Moreover, unlike in *BSR Tropicana Resort, Inc.*, 252 F.3d at 712, where there were claims for both breach of contract and a failure to pay an affiliation fee, which was interpreted as a collection action and therefore exempted from arbitration, the only claim in this case – breach of contract – is arbitrable.   Accordingly, "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Id*. at 709-710.   The court will therefore dismiss this case.   A separate Order will follow.


                            _____/s/_____
                            DEBORAH K. CHASANOW
                            United States District Judge

                            November 2, 2005